**FILED**

OCT - 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LENA F. JOHNSON
5640 Naylor Court
Dale City, Virginia 22193

    Plaintiff,

    v.

NATIONAL RAILROAD PASSENGER
CORPORATION

SERVE:

CT Corporation System
1015 15th Street, N.W. Ste. 1000
Washington, DC 20005

    Defendant.

CASE NUMBER 1:05CV02008

JUDGE: John D. Bates

DECK TYPE: Employment Discrimination

DATE STAMP: 10/▪/2005

## COMPLAINT

This is an action for monetary and equitable relief brought by the Plaintiff, LENA F. JOHNSON, against defendant, NATIONAL RAILROAD PASSENGER CORP. (hereinafter referred to as AMTRAK).

## INTRODUCTION

1.    This is an employment discrimination action brought by LENA F. JOHNSON to recover damages against AMTRAK for the violation of her rights under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166).

1

## JURISDICTION AND VENUE

2.  Jurisdiction for this action lies pursuant to 28 U.S.C. § 1331 because there are numerous federal questions presented involving the Civil Rights Act of 1964, 42 USC 2000d et seq., and any related claims under District of Columbia Law and the Laws of the United States pursuant to 28 U.S.C. § 1331.

3.  Venue for this action is proper in the United States District Court for the District of Columbia as the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and Plaintiff is a resident of the Commonwealth of Virginia and the Defendant corporation involved in the action is a resident of the District of Columbia, thus satisfying the requirements of 28 U.S.C. §1332. The procedural issues are to be governed by the place of the forum pursuant to the Federal Rules of Civil Procedure invoked per 28 U.S.C. § 1331.

4.  A Final Decision and Right to Sue was issued by the Office of Civil Rights (OCR) on July, 2005 (Attached as Exhibit A), and received by Ms. Johnson on July 8, 2005.

5.  These claims arise out of acts undertaken and injuries suffered in this federal district.

## PARTIES

6.  Plaintiff, Lena F. Johnson, is a resident of Dale City, Virginia, is an African-american female over the age of forty (40), and began employment with the Defendant on or about February 4, 1980. Defendant AMTRAK is a duly organized corporation authorized to do business in the District of Columbia, with its office located at 60 Massachusetts Avenue, NE, Washington, DC 20002. AMTRAK is an employer within the meaning of 42 U.S.C.2000e.

2

7. At all times relevant hereto, AMTRAK has resided and conducted business in this judicial district.

8. At all times relevant hereto, AMTRAK has been an employer within the meaning of Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. On or about November 12, 2004, Plaintiff, Lena F. Johnson, submitted claims of discrimination to the Equal Employment Opportunity Commission (EEOC) stating that her supervisor engaged in unlawful retaliatory practices and policies and further stating that AMTRAK retaliated against her in response to her complaints about her supervisor's harassing behavior.

10. By notice dated July 5, 2005, Plaintiff was notified by the EEOC of her right to file a civil action against AMTRAK within ninety (90) days of her receipt of their final decision.

11. This lawsuit has been timely filed within 90 days of Lena Johnson's receipt her right to sue notice.

## FACTUAL ALLEGATIONS

12. Lena F. Johnson is an African-American female over the age of 40.

13. Lena F. Johnson joined AMTRAK on or about February 4, 1980, as a junior clerk in the Reprographics Department.

14. In 1981 Plaintiff was promoted to machine operator/duplicator in the machine shop

15. In 1988, Plaintiff was promoted to what was then called "clerk typist".

3

This position is now referred to as "computer operator".

16. In 1999-2000 the department finally invested in new technology and equipment and Ms. Johnson was the one who developed how the department could best make use of the new technology and how do best address the needs of AMTRAK.

17. In 2000 Mr. Ed Morris became the director of the Reprographics Department. Upon his arrival, and the fact he had no knowledge of the department or how it worked, he asked Plaintiff to serve as his managing assistant and supervise the Reprographics department. Mr. Morris further asked that she supervise the Mail Communications Center within the department, as the supervisor of that department was rarely at work.

18. After requesting that Plaintiff serve as supervisor of the graphics department and the mail center, in addition to her duties as computer operator, Mr. Morris assured Plaintiff that they would make her position permanent and that she would receive retroactive pay for her additional responsibilities and duties.

19. As the acting supervisor of the graphics dept. and mail center, Plaintiff served as the main point of contact between the departments and the director, Mr. Morris.

20. Mr. Morris began making unusual and inappropriate requests of Plaintiff, such as buy his breakfast, buy his lunch, sign off on invoices that were for items for his personal use but to be paid by the company, asking Plaintiff to loan him money, buy his cigarettes, etc. Furthermore, Mr. Morris would open Plaintiff's mail, including fedex packages that came to the office, but the male employees were not subjected to this behavior (she was the only female in the reprographics department). Also, despite the workplace being smoke-free, Mr. Morris smoked constantly in his office, and requested that employees wash his car among other inappropriate requests.

21. Mr. Morris subjected Plaintiff to a hostile work environment as he would make disparaging remarks on a daily basis including racial slurs and his dislike of "white" people and disrespectful remarks concerning women and their physical attributes and lack of mental prowess.

22. On several occasions members of the department complained about this behavior. Mr. Morris was known to scold persons who complained, yell at them, curse at them, and threaten to fire them for exposing his exploitation of his position.

23. Mr. Morris was verbally abusive towards any employee in the department who complained about his behavior, his demanding loans of money in small denominations which he would never pay back, his constant use of company funds for personal items and meals, and his smoking in a smoke-free environment.

24. In 2001 Plaintiff began treating with a physician for migraine headaches due to stress as a result of her working conditions. Plaintiff still suffers from these headaches to this day and is still taking medications for her condition.

25. Despite multiple inquiries Mr. Morris took no action but to continue to tell Plaintiff that her position as supervisor of the graphics dept. and mail centers would be made permanent and she would receive retroactive pay. He continued to treat her like his personal assistant and she continued to supervise the mail center, the reprographics department, and perform her duties as a machine operator.

26. In February 2004, Plaintiff submitted a formal complaint to upper management. Their response was "you two have to work it out", and nothing more.

27. In November of 2004, Plaintiff submitted her formal complaint to the EEOC. By letter dated July 5, 2005, the EEOC dismissed her complaint and advised her of her right to sue.

28. During the investigation into her complaints about Mr. Morris, he, Mr. Morris, displaced Ms. Johnson from her position as computer operator, placed an individual in that position who did not have the skills, training, or knowledge for said position, and then brought in an outside company to train the new individual for the position in clear violation of AMTRAK's own policies and procedures.

29. Plaintiff was never provided any retroactive pay or compensation of any kind, nor was she promoted in any way after serving as the acting supervisor of the graphics dept. and the mail center for more than two years.

30. Rather, in an effort to retaliate against Ms. Johnson for submitting complaints to upper management about Mr. Morris, and following her submission of a report to upper management stating that the department could save considerable money, Mr. Morris had Plaintiff displaced from her position by an individual who previously was denied in her attempts to displace Plaintiff (by Mr. Morris). This resulted in Plaintiff being demoted to "duplicator/machine operator" with less pay.

31. The discriminatory behavior was offensive and embarrassing to Plaintiff; intimidating, as she felt powerless to act against a supervisor while employed, and made her very uncomfortable. The inappropriate comments and behavior occurred frequently in the presence of other co-workers adding to Plaintiff's ridicule and embarrassment.

32. As a direct and proximate result of the treatment at AMTRAK, Plaintiff has suffered and will continue to suffer emotionally and financially.

33. AMTRAK acted willfully and in reckless disregard of Plaintiff's protected federal civil rights and her statutory rights under Title VII by subjecting her to discriminatory treatment and practices and a hostile work environment on account of her gender and in retaliation of her attempts to assert her rights in the company to complain about the abusive and discriminatory behavior of the director of her department.

## STATEMENT OF CLAIMS

### COUNT I:   VIOLATION OF TITLE VII

34. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-33 of the Complaint as if they were set forth in full.

35. AMTRAK acted willfully and in reckless disregard of Plaintiff's rights under Title VII by subjecting her to the retaliatory practices of her supervisor and created a degrading hostile work environment with inappropriate comments concerning women and "white" people, thereby violated her rights to equal employment opportunity as protected by Title VII.

### PRAYER FOR RELIEF

WHEREFORE, LENA F. JOHNSON respectfully requests the Court to enter judgment in her favor and against the Defendant, and to grant her the following relief:

(a) That a declaratory judgment be entered finding Defendant's acts and employment practices unlawful, and that Defendant be enjoined from engaging in such unlawful acts and practices;

(b) That an order be issued for back pay with prejudgment interest and all the benefits to which she is entitled, including interest thereon to the present time, with the actual amount to be proven at trial;

(c) Front pay and benefits if AMTRAK does not have an appropriate position to employ her;

7

(d)  Plaintiff be compensated for her physical, psychological and emotion harm in the sum of Three Hundred Thousand ($300,000) plus all interest available under District of Columbia law for her non-economic injuries in an amount authorized by Title VII;

(e)  That punitive damages be awarded in the amount of Three Hundred Thousand ($300,000) Dollars plus all available interest under District of Columbia law;

(f)  An award of reasonable counsel fees and costs to compensate Plaintiff for having to prosecute this action against AMTRAK; and

(g)  Such other legal and equitable relief as may be just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all the issues in this action that are triable by law.

LENA F. JOHNSON<br>
By Counsel

Brown, Brown & Brown, P.C.

By: _____
Edwin C. Brown, Jr. #90084
William H. Herrington #395079
6269 Franconia Road
Alexandria, VA 22310
(703) 924-0223
FAX (703) 924-1586