IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LENA F. JOHNSON ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONAL RAILROAD PASSENGER ) <br> CORPORATION ) <br> ) <br> Defendant. ) | Civil Action No. 1:05CV02008-JDB |

## MEMORANDUM IN SUPPORT OF DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION TO DISMISS

Plaintiff Lena Johnson failed to file her Complaint within ninety days after receiving her notice of right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). For this reason, her suit is time-barred and should be dismissed.

### STATEMENT OF UNDISPUTED FACTS

Plaintiff Lena F. Johnson was employed by National Railroad Passenger Corporation ("Amtrak") on or about February 4, 1980. Complaint at ¶¶ 6, 13. Ms. Johnson was initially hired as a junior clerk in the Reprographics Department and was promoted several times. Complaint at ¶¶ 13-16.

On or about November 12, 2004, Ms. Johnson filed a charge of discrimination with the EEOC. Complaint at ¶ 9. Ms. Johnson received a Notice of Right to Sue letter from the EEOC on July 8, 2005. Complaint at ¶ 4. She filed this lawsuit in the United States District Court for the District of Columbia on October 7, 2005. Complaint. The Complaint states only one count, alleging a violation of Title VII of the Civil Rights Act, as amended. Complaint at ¶¶ 34-35.

1. <u>Ms. Johnson's Claims Are Time-Barred</u>

A person filing a civil suit under Title VII must act within ninety days after receiving a Notice of Right to Sue Letter from the EEOC. 42 U.S.C. § 200e-5(f)(1); *Griffin v. Acacia Life Ins. Co.*, 151 F. Supp.2d 78, 80 (D.D.C. 2001).

Ms. Johnson received her letter Notice of Right to Sue Letter on July 8, 2005. Complaint at ¶ 4 ("received by Ms. Johnson on July 8, 2005"). She did not file her Complaint until October 7, 2005, ninety-one days later. As more than ninety days passed between the date on which Ms. Johnson received her notice of right to sue letter and the date when she filed her complaint, this suit is time-barred. *Griffin*, 151 F. Supp.2d at 81.

2. <u>Plaintiff's Failure to File in a Timely Manner Should Not Be Excused</u>

The ninety-day filing requirement is not jurisdictional, but instead, is a limitations period, which can be subject to waiver, estoppel and equitable tolling *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Anderson v. Local 201 Reinforcing Rodmen*, 886 F. Supp 94, 97, (D.D.C. 1995). There is no reason in this case, however, to allow Ms. Johnson additional time. She has no basis to claim that the doctrines of waiver, estoppel or equitable tolling are appropriate.

In the absence of a compelling reason to apply one of these equitable doctrines, courts have strictly applied the ninety-day limit. In *Rice v. New England College*, 676 F.2d 9 (1st Cir. 1982), the United States Court of Appeal for the First Circuit upheld an order dismissing a complaint filed 91 days after receipt of the Notice of Right to Sue Letter. The court reasoned, "[i]n the absence of a recognized equitable consideration, the court cannot extend the limitations period by *even one day*." *Id.* at 11 (emphasis added); *see also Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984)

(dismissing complaint filed 97 days after Notice of Right to Sue Letter); *Anderson v. Local 201 Reinforcing Rodmen*, 886 F. Supp 94, 97 (D.D.C. 1995) (dismissing complaint filed 97 days after Notice of Right to Sue Letter).

Ms. Johnson is represented by counsel and is aware of the time limits governing her suit. Specifically, she knew to represent the relevant dates in her Complaint and to allege (incorrectly) that she had satisfied the requirement to exhaust her administrative remedies. *See* Complaint at ¶¶ 4, 9-11. As the court in *Anderson* stated:

> Congressionally mandated time requirements "for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Time limitations such as the ninety-day filing requirement "are not arbitrary obstacles to the vindication of just claims, and therefore they should not be given grudging application." Rather, "they protect important social interest in certainty, accuracy and repose." Accordingly in absence of waiver, estoppel, or equitable tolling, none of which are present here, summary judgment in favor of the Defendant or dismissal is appropriate.

886 F. Supp. at 97 (citations omitted).

CONCLUSION

Ms. Johnson's claims are time-barred. For this reason, the Court should dismiss the Complaint with prejudice.

*[signature]*
Keith Fischler (Bar No. 377601)
Kruchko & Fries
1750 Tysons Boulevard, Suite 560
McLean, VA 22102
(703) 734-0554
(703) 734-0876 (fax)

                                  Denyse Nelson
                                  National Railroad Passenger Corporation
                                  60 Massachusetts Avenue, N.E.
                                  Washington, D.C. 20002
                                  (202) 906-3185
                                  (202) 906-2821 (fax)

                                  Counsel for Defendant
                                  National Railroad Passenger Corporation

Dated: December 16, 2005